1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          EASTERN DISTRICT OF WASHINGTON

7    RYAN J. BONIVERT,

8                        Plaintiff,            NO:  2:14-CV-0056-TOR

9         v.                                   ORDER RE: MOTIONS FOR
                                               PARTIAL SUMMARY JUDGMENT
10   CITY OF CLARKSTON, et al.,                AND DISMISSAL

11                        Defendants.

12

13        BEFORE THE COURT are the following motions: Defendants Ken

14   Bancroft, Jane Doe Snyder, and Jane Doe Snyder's Motion for Partial Summary

15   Judgment Dismissal (ECF No. 26); Defendants Joel Hastings, Jane Doe Combs

16   and Jane Doe Purcell's Motion for Partial Summary Judgment Dismissal (ECF No.

17   29); Plaintiff's Motion to Dismiss Defendants Joel Hasting, John H. Singleton,

18   Ken Bancroft, and Jane Doe Snyder (ECF No. 32); and Plaintiffs' Motion to File

19   Amended Complaint (ECF No. 36).  These matters were heard with oral argument

20   on November 13, 2014.  Samual T. Creason and Theodore O. Creason appeared on

ORDER RE: MOTIONS FOR PARTIAL SUMMARY JUDGMENT DISMISSAL~ 1

behalf of Plaintiff.  Thomas P. Miller, Ann E. Trivett, and Frieda K. Zimmerman appeared on behalf of various Defendants.  The Court has reviewed the briefing and the record and files herein and heard from counsel, and is fully informed.

## BACKGROUND

Plaintiff filed his initial Complaint in this action on February 25, 2014, alleging that Defendants violated 42 U.S.C. § 1983 when they, *inter alia*, entered and searched Plaintiff's home without a warrant, applied excessive force, and subjected Plaintiff to degrading treatment while in custody.  ECF No. 1.  Plaintiff has sued several County of Asotin and City of Clarkston officials in their individual capacities, as well as their spouses.  *Id.*  Plaintiff has also sued the County of Asotin and the City of Clarkston.  *Id.*

Currently before the Court are several motions regarding which individuals are properly named as defendants in this action.  Defendants move to dismiss, *with prejudice*, (1) Defendants Ken Bancroft and Joel Hastings on the ground that Plaintiff's claims against these defendants are duplicative and redundant of Plaintiff's claims against the City and County; and (2) Defendant Jane Does Snyder (spouse of Gary Snyder), Snyder (spouse of Joseph Snyder), Purcell (spouse of Paul Purcell), and Combs (spouse of Daniel Combs) on the ground that these spouses had no involvement in the incident that gave rise to this action and thus are improper defendants under section 1983.  ECF Nos. 26, 29.

Plaintiff voluntarily moves to dismiss, *without* prejudice, Defendants Ken

Bancroft, Joel Hastings, Jon H. Singleton,[1] and Jane Doe Snyder (spouse of Gary

Snyder).  ECF No. 32.  Plaintiff also moves to amend his Complaint to name the

following parties, previously only identified as Does: Claudia A. Combs, Teresa R.

Purcell, Jennifer L. Snyder, Deputy Shawn Rudy, and Deputy Grimm.  ECF No.

36.

## DISCUSSION

### A. Motions for Partial Summary Judgment and Voluntary Dismissal

1. <u>Legal Standard for Summary Judgment</u>

Summary judgment may be granted to a moving party who demonstrates

"that there is no genuine dispute as to any material fact and that the movant is

entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party

bears the initial burden of demonstrating the absence of any genuine issues of

material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then

shifts to the non-moving party to identify specific genuine issues of material fact

which must be decided by a jury.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 256 (1986).  "The mere existence of a scintilla of evidence in support of the

---

[1] Previously, and incorrectly, identified as John H. Singleton in Plaintiff's initial

Complaint and Motion to Dismiss.

1  plaintiff's position will be insufficient; there must be evidence on which the jury

2  could reasonably find for the plaintiff." *Id.* at 252.

3       For purposes of summary judgment, a fact is "material" if it might affect the

4  outcome of the suit under the governing law. *Id.* at 248. A dispute concerning any

5  such fact is "genuine" only where the evidence is such that a reasonable jury could

6  find in favor of the non-moving party. *Id.* In ruling upon a summary judgment

7  motion, a court must construe the facts, as well as all rational inferences therefrom,

8  in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372,

9  378 (2007). Only evidence which would be admissible at trial may be considered.

10 *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

11       2. Legal Standard for Voluntary Dismissal

12       Pursuant to Federal Rule of Civil Procedure 41(a)(2), "an action may be

13 dismissed at the plaintiff's request only by court order, on terms that the court

14 considers proper . . . Unless the order states otherwise, a dismissal under this

15 paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). "A district court

16 should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a

17 defendant can show that it will suffer some plain legal prejudice as a result." *Smith*

18 *v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). The decision to grant or deny a

19 motion pursuant to Rule 41(a)(2) is within the sound discretion of the court. *Sams*

20 *v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). District courts have

broad discretion in deciding whether to dismiss actions *with* or *without* prejudice. *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058 (9th Cir. 2011).  However, "[a] dismissal under Rule 41(a)(2) normally is *without* prejudice, as explicitly stated in the rule," *Smith*, 263 F.3d at 976 (emphasis added).

      3.  <u>Defendant Jon H. Singleton</u>

      Plaintiff moves to voluntarily dismiss Defendant Singleton without prejudice.  ECF No. 32.  Defendants offer no objection.  Therefore, this Court dismisses Defendant Singleton *without* prejudice.

      4.  <u>Defendants Ken Bancroft & Joel Hastings</u>

      Defendants move to dismiss Defendants Bancroft and Hastings with prejudice on the ground that Plaintiff's claims, similarly alleged against the County of Asotin and City of Clarkston, are duplicative.  ECF Nos. 26 at 2-3; 29 at 2.  Plaintiff moves to dismiss Defendants Bancroft and Hastings *without* prejudice because discovery has not yet been completed and there exists the possibility that Defendants Bancroft and Hastings could be liable on other potential claims.  ECF Nos. 32; 33 at 3.

      This Court finds Defendants Bancroft and Hastings should be dismissed without prejudice.  Although Defendants aptly note that Plaintiff's current claims against these Defendants are duplicative of Plaintiff's claims against the City and

County, *see Hafer v. Melo*, 502 U.S. 21, 25 (1991), this Court is persuaded by Plaintiff's response.  Plaintiff's counsel contacted Defendants' counsel in June 2014, voicing Plaintiff's intention to voluntarily dismiss Defendants Bancroft and Hastings after conducting all necessary depositions.  ECF Nos. 34 at 2; 34-1.  As Plaintiff's counsel proposed, Plaintiff would either amend his Complaint or voluntarily dismiss Defendants Bancroft and Hastings depending on what was uncovered during depositions.  ECF No. 34-1.  After all, the deadline for amending pleadings in this case was not until October 10, 2014.  ECF No. 22.  Defendants did not raise any objection.  ECF No. 33 at 5.  Instead, Defendants filed their motions seeking to dismiss, with prejudice, Defendants Bancroft and Hastings on September 9 and September 18, respectively—weeks before the amendment deadline, one day before the deposition of Defendant Bancroft, and in the midst of other depositions for this matter.  *Id.*  Accordingly, this Court, in its broad discretion, dismisses Defendants Bancroft and Hastings *without* prejudice.

     5.  <u>Defendant Jane Does</u>

     Defendants move to dismiss Defendant Jane Does Snyder (Joseph), Snyder (Gary), Purcell, and Combs with prejudice on the ground that the spouses of individually named defendants are not liable under section 1983.  ECF Nos. 26 at 6-8; 29 at 3.  Plaintiff opposes dismissing Defendant Jane Does Snyder (Joseph), Purcell, and Combs on the ground that, as part of the marital community of the

tortfeasor spouses, they are subject to liability for a judgment in this case and have a statutory right to defend that community.  ECF No. 33 at 6-11.  Plaintiff moves to dismiss Defendant Jane Doe Snyder (ex-spouse of Gary Snyder), without prejudice, in light of a recent disclosure that Gary Snyder is divorced.  ECF Nos. 32; 33 at 6 n.1.

In the State of Washington, whether a marital community is liable for the torts of a spouse depends on whether the act either "(1) results or is intended to result in a benefit to the community or (2) is committed in the prosecution of the business of the community."  *Clayton v. Wilson*, 168 Wash.2d 57, 63 (2010) (quoting *LaFramboise v. Schmidt*, 42 Wash.2d 198, 200 (1953)); *see also Kilcup v. McManus*, 64 Wash.2d 771, 781 (1964) ("The community should be and is liable for wrong inflicted by the husband in the execution of his public office or employment occurring through his ignorance, carelessness or mistaken ideas of his official powers and duties.").  "Torts which can properly be said to be done in the management of community business, or for the benefit of the community, will remain community torts with the community and the tortfeasor separately liable."  *deElche v. Jacobsen*, 95 Wash.2d 237, 245 (1980).[2]  When a non-tortfeasor spouse

[2] On the other hand, when the tort is not committed for the benefit of the community or during prosecution of community business, the tortfeasor is primarily liable and the plaintiff may only recover from the tortfeasor's one-half interest in

1  is joined in the action but there are no allegations of personal involvement, the

2  entry of judgment would run against the marital community rather than against the

3  non-tortfeasor spouse as an individual.  *See Delano v. Tennent*, 138 Wash. 39, 47

4  (1926); *Douglas Nw., Inc. v. Bill O'Brien & Sons Constr., Inc.*, 64 Wash.App. 661,

5  689 (1992).  Although a non-tortfeasor spouse does not necessarily need to be

6  named and served,[3] past practice strongly suggests the procedure is permissive, *see*

7  *e.g., Alexander v. Sanford*, 181 Wash.App. 135, 183 (2014) (finding no authority

8  prohibiting the practice of naming spouses as codefendants in a complaint so as to

9  create community liability), if not also encouraged.[4]

---

marital property if the separate property is insufficient to satisfy the judgment.
*deElche*, 95 Wash.2d at 246.

[3] RCW 4.08.040 states the following regarding joining spouses as defendants:

> If the spouses or the domestic partners are sued together, either or
> both spouses or either or both domestic partners may defend, and if
> one spouse or one domestic partner neglects to defend, the other
> spouse or other domestic partner may defend for the nonacting spouse
> or nonacting domestic partner also. Each spouse or each domestic
> partner may defend in all cases in which he or she is interested,
> whether that spouse or that domestic partner is sued with the other
> spouse or other domestic partner or not.

[4] Washington Practice Series states the following regarding joining a non-tortfeasor

spouse as a defendant when seeking to enter judgment against community

property:

ORDER RE: MOTIONS FOR PARTIAL SUMMARY JUDGMENT DISMISSAL~ 8

1    Here, this Court finds permissive Plaintiff's inclusion of Jane Does Purcell,

2 Combs, and Snyder (Joseph), and their respective martial communities, as

3 defendants in this action.  Plaintiff has alleged a basis for individual liability

4 against Defendants Purcell, Combs, and Joseph Snyder, arising out of their

5 employment with the City of Clarkston and County of Asotin.  Because these acts

6 allegedly arose during Defendants' employ, an activity presumptively intended to

7 benefit their respective marital communities, those communities can be held liable

8 should judgment be entered against each individual Defendant.  *See deElche*, 95

9 Wash.2d at 245046; *Kilcup*, 64 Wash.2d at 781.  Thus, although not mandatory,

10 the Defendants' spouses, and the marital communities of which they are a part, are

11 properly joined in this action for the sole purpose of entering judgment against

12 their marital communities.

13 _____

14    An action may be commenced against a married person, and the
litigation is presumed to be against the community. The named spouse

15 has the authority to defend on behalf of the community. The resulting
judgment is presumed to be a judgment against the community,

16 though the presumption may be overcome by showing that the
judgment is based solely on the separate obligation of one spouse.

17 *To be cautious, and to avoid any question about whether the action is
intended to be against the community, most plaintiff's attorneys will*

18 *simply name both spouses as defendants from the outset, in all cases
against married persons.* If one spouse's name is unknown, he or she

19 can be designated John Doe or Jane Doe.

20 14 Wash. Prac., Civil Procedure § 11:19 (2d ed.) (emphasis added).

ORDER RE: MOTIONS FOR PARTIAL SUMMARY JUDGMENT DISMISSAL~ 9

1    Accordingly, the Court declines to dismiss Defendant Jane Does Snyder

2 (Joseph), Purcell, and Combs.  Further, because Plaintiff still may be able to seek

3 judgment against the marital community previously comprised of Defendant Gary

4 Snyder and Jane Doe Snyder, this Court dismisses all claims against Defendant

5 Jane Doe Snyder (former spouse Gary) *without* prejudice.

6    **6.  Motion to Amend**

7    Rule 15(a) provides that, except in circumstances not present here, "a party

8 may amend its pleading only with the opposing party's written consent or the

9 court's leave," which "[t]he court should freely give . . . when justice so requires."

10 Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit has directed that this policy be applied

11 with "extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048,

12 1051 (9th Cir. 2003) (citation omitted).  In ruling upon a motion for leave to

13 amend, a court must consider whether the moving party acted in bad faith or

14 unduly delayed in seeking amendment, whether the opposing party would be

15 prejudiced, whether an amendment would be futile, and whether the movant

16 previously amended the pleading.  *United States v. Corinthian Colleges*, 655 F.3d

17 984, 995 (9th Cir. 2011).  "Absent prejudice, or a strong showing of any of the

18 remaining [factors], there exists a *presumption* under Rule 15(a) in favor of

19 granting leave to amend."  *C.F. ex rel. Farnan v. Capistrano Unified School Dist.*,

20 654 F.3d 975, 984 (9th Cir. 2011) (quoting *Eminence Capital*, 316 F.3d at 1051).

1    Plaintiff filed his initial Complaint in this action on February 24, 2014.  ECF

2    No. 1.  Pursuant to this Court's original Scheduling Order, the deadline to amend

3    the pleadings or add parties was September 10, 2014.  ECF No. 17.  However, the

4    parties subsequently filed a joint motion to extend this deadline, ECF No. 20,

5    which the Court granted.  Pursuant to the amended Scheduling Order, the deadline

6    to amend the pleadings or add parties was October 10, 2014.  ECF No. 22.

7    Plaintiff timely seeks leave to amend his Complaint to identify several John

8    and Jane Does who were either previously identified as spouses to and in a marital

9    community with named Defendants or were unnamed law enforcement officers of

10   Asotin County Sheriff's Office and Clarkston Police Department.  ECF No. 36 at

11   2.  After conducting discovery, Plaintiff has identified the following Doe

12   defendants:

13       1.  Claudia A. Combs, previously identified as Jane Doe Combs;

14       2.  Teresa R. Purcell, previously identified as Jane Doe Purcell;

15       3.  Jennifer L. Snyder, previously identified as Jane Doe Snyder (spouse

16          Joseph);

17       4.  Deputy Shawn Rudy, previously identified as John Doe I; and

18       5.  Deputy Grimm, previously identified as John Doe II.

19   *Id.* at 2-3.

20

ORDER RE: MOTIONS FOR PARTIAL SUMMARY JUDGMENT DISMISSAL~ 11

1    This Court finds the factors weigh in favor of amendment.  First, this Court

2    finds no evidence of bad faith or undue delay.  Second, Defendants can hardly

3    claim prejudice considering Plaintiff's pending motion merely seeks to identify the

4    previously named John and Jane Does.  Third, Plaintiff has not previously

5    amended his Complaint.  Finally, regarding Defendants' sole challenge to

6    amendment, Plaintiff has alleged sufficient facts to overcome the futility analysis.

7    Because Plaintiff is merely seeking to name parties previously only identified as

8    Does, this Court does not find the proposed amendment futile.  Accordingly, this

9    Court, within its wide discretion and pursuant to the liberal policy of granting leave

10   to amend, finds amendment here to be proper.

11   **ACCORDGINLY, IT IS HEREBY ORDERED:**

12        1.  Defendants Ken Bancroft, Jane Doe Snyder, and Jane Doe Snyder's

13            Motion for Partial Summary Judgment Dismissal (ECF No. 26) is

14            **DENIED**

15        2.  Defendants Joel Hastings, Jane Doe Combs and Jane Doe Purcell's

16            Motion for Partial Summary Judgment Dismissal (ECF No. 29) is

17            **DENIED**.

18        3.  Plaintiff's Motion to Dismiss Defendants Joel Hastings, John H.

19            Singleton, Ken Bancroft, and Jane Doe Snyder (ECF No. 32) is

20

1    **GRANTED.**  Defendants Hastings, Singleton, Bancroft, and Jane Doe

2    Snyder (ex-spouse of Gary Snyder) are dismissed *without* prejudice.

3    4.  Plaintiffs' Motion to File Amended Complaint (ECF No. 36) is

4    **GRANTED**.  Plaintiff is directed to file and serve his Amended

5    Complaint forthwith.

6    The District Court Executive is hereby directed to enter this Order, provide

7 copies to counsel, and adjust the caption of the case accordingly.

8    **DATED** November 17, 2014.

9

10                     THOMAS O. RICE
                                    United States District Judge
11

12

13

14

15

16

17

18

19

20